## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS KNOPICK, individually and on behalf of those similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**UBS FINANCIAL SERVICES, INC.,**<br><br>    **Defendant.** | **CIVIL ACTION**<br>**Putative Class Action**<br><br><br><br>**NO. 14-05639** |

## ORDER

    **AND NOW**, this 25th day of November, 2015, upon consideration of Nicholas Knopick's ("Knopick") Motion for Entry of Final Judgment ("Pl.'s Mot.") under Federal Rules of Civil Procedure 54(b) and 58(d) (ECF No. 64.), UBS Financial Services, Inc.'s ("UBS") Response (ECF No. 65.), along with Knopick's Reply (ECF No. 66.) and UBS's Sur-Reply (ECF No. 70.), it is **ORDERED** that the motion is **DENIED**.[1]

---

[1]     Knopick asks the Court to "enter final judgment on this Court's Order of August 18, 2015 finding there is no just reason for delay" under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides, in relevant part: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, *but fewer than all*, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added).

    The Court's August 18, 2015 Order dismissed all of Knopick's claims against UBS, the only defendant in the case. (ECF No. 63.) Specifically, the Court dismissed Counts VIII and IX of Knopick's Amended Complaint with prejudice. (*Id.*) The Court dismissed Counts I–VII without prejudice, and granted Knopick leave "to file a second amended complaint reasserting the claims in Counts I–VII as a federal securities law class action on or before September 8, 2015." (*Id.*) Thus, because the Court dismissed *all claims* against *all defendants*, Rule 54(b) does not apply. *See, e.g.*, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980) (noting that Rule 54(b) "allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties.").

    Knopick also asks the Court to "set out the final judgment in a separate document as required by Rule 58(a)." (Pl.'s Mot. at 1.) Rule 58(d) provides: "A party may request that judgment be set out in a separate document as required by Rule 58(a). Fed. R. Civ. P. 58(d). Rule 58(a) mandates that "[e]very judgment . . . must be set out in a separate document." Fed. R. Civ. P. 58(a). "Judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus, the question becomes whether the Court's August 18 Order is one "from which an appeal lies." *Id*.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

The Third Circuit Court of Appeals has held that "a dismissal without prejudice is not a final and appealable order under § 1291, unless the plaintiff can no longer amend the complaint or unless the plaintiff declares an intention to stand on the complaint as dismissed." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 172 (3d Cir. 2000). Failing to file an amended complaint within the timeframe given by the Court constitutes "intention to stand on the complaint as dismissed." *See, e.g., Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("While we have held that an order dismissing a complaint without prejudice is not a final, appealable order unless the plaintiff cannot amend or declares his intention to stand on his complaint . . . we find that, by failing to move to amend within the 30 days granted by the court, [Plaintiff] elected to stand on his complaint.").

Knopick contends that because the Court's Order dismissed Counts I–VII without prejudice, it was not a final appealable order. Knopick's argument misconstrues Third Circuit precedent and the Federal Rules of Civil Procedure. Knopick's counsel sent UBS's counsel an email on September 4, 2015, stating: "per the client's direction, we will not be filing an amended complaint, but instead, intend to appeal." (Pl.'s Reply Brief at Ex. A.) Thus, Knopick declared his intention to stand on the complaint as early as September 4, 2015. In any event, Knopick elected to stand on his complaint by not filing an amended complaint within the timeframe given by the Court. Additionally, the Court set out this judgment in a separate document as required by Rule 58(a). (ECF No. 63.) Accordingly, Knopick's motion is denied.